IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **KATHIE J. ALERTAS**, | Case No. 3:13-cv-00717-SI |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| **CAROLYN W. COLVIN**, Acting Commissioner of Social Security, | |
| Defendant. | |

Karen Stolzberg, 11830 SW Kerr Parkway, #315, Lake Oswego, OR 97035. Of Attorney for Plaintiff.

S. Amanda Marshall, United States Attorney, and Ronald K. Silver, Assistant United States Attorney, United States Attorney's Office, District of Oregon, 1000 S.W. Third Avenue, Suite 600, Portland, OR 97204-2902; Nancy A. Mishalanie, Special Assistant United States Attorney, Office of the General Counsel, Social Security Administration, 701 Fifth Avenue, Suite 2900 M/S 221A, Seattle, WA 98104-7075. Of Attorneys for Defendant.

**Michael H. Simon, District Judge.**

Defendant Carolyn W. Colvin (the "Commissioner"), pursuant to Federal Rule of Civil Procedure 59(e) ("Rule 59(e)"), seeks alteration or amendment of the Court's Judgment, issued

PAGE 1 – OPINION AND ORDER

June 13, 2014, remanding this case to the Commissioner for an award of benefits under Title XVI of the Social Security Act. The Commissioner argues that the Court's order to remand Ms. Alertas's application for Supplemental Security Income ("SSI") for an award of benefits exceeded the Court's statutory authority because it was based on the fact that Ms. Alertas turned 55 after the Administrative Law Judge ("ALJ") issued his opinion denying benefits, thus it was outside of the "final decision" being reviewed by the Court. This argument is unavailing.

Ms. Alertas turned 55 four months after the ALJ issued his written opinion. When Ms. Alertas appealed the ALJ's opinion to the Appeals Council, Ms. Alertas raised the evidence of her change in age category before the Appeals Council. The Appeals Council noted in its denial of Ms. Alertas's appeal that the Appeals Council had "considered the reasons you disagree with the decision in the material listed on the enclosed Order of Appeals Council." AR 1. The material listed in the Order of Appeals Council included Ms. Alertas's representative brief to the Appeals Council, marked by the Appeals Council as Exhibit 21E. AR 4. In this exhibit, Ms. Alertas argued to the Appeals Council that her age category had changed, rendering the finding of no disability improper based on the residual functioning capacity ("RFC") determined by the ALJ. AR 408 (Ex. 21E at 1). Thus, in denying Ms. Alertas's appeal, the Appeals Council expressly considered the newly-submitted evidence of Ms. Alertas's change in age category.

District courts must consider additional evidence submitted to the Appeals Council when the Appeals Council considers the new evidence in deciding whether to review a decision of the ALJ. *Brewes v. Comm'r Soc. Sec. Admin.*, 682 F.3d 1157, 1163 (9th Cir. 2012). The new evidence "becomes part of the administrative record, which the district court must consider when reviewing the Commissioner's final decision for substantial evidence." *Id.* Because the Appeals Council considered the new evidence of Ms. Alertas's change in age category, this evidence was

part of the administrative record that the Court had to consider, was properly before the Court, and the remand for an award of benefits based on this evidence was within Court's authority.

The Commissioner also argues that a remand for benefits is improper because some non-medical issue may have changed after the time of the ALJ's opinion. This argument is rejected. Non-medical determinations are made by the social security field office, not the ALJ. *See Lewis v. Astrue*, 2009 WL 4981142, at *2 n.2 (N.D. Cal. Dec. 15, 2009); Social Security Administration, Disability Determination Process, *available at* http://www.ssa.gov/disability/determination.htm (last visited August 7, 2014) ("The field office is responsible for verifying non-medical eligibility requirements, which may include age, employment, marital status or Social Security coverage information."). After the disability determination is made, the case is returned to the field office for "appropriate action." *Id.* If a claimant is found to be disabled, "SSA completes any outstanding non-disability development, computes the benefit amount, and begins paying benefits." *Id.* If a claimant is "found not to be disabled, the file is kept in the field office in case the claimant decides to appeal the determination." *Id.*

Finally, the Commissioner argues that a change or improvement in Ms. Alertas's medical condition may have occurred after the ALJ rendered his opinion and before she turned 55. As noted, Ms. Alertas turned 55 four months after the ALJ's opinion. The ALJ's RFC was based on alleged disabling conditions that began in March 2002. The ALJ's discussion and RFC did not indicate any expectation of improvement within a matter of months. The Commissioner's argument is without merit.

PAGE 3 – OPINION AND ORDER

The Commissioner's motion for to amend or correct the judgment pursuant to Federal Rule of Civil Procedure 59(e) (Dkt. 32) is DENIED.

**IT IS SO ORDERED**.

DATED this 8th day of August, 2014.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge

PAGE 4 – OPINION AND ORDER