IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**KATHIE J. ALERTAS**,

        Plaintiff,

    v.

**CAROLYN W. COLVIN**,
Acting Commissioner of Social Security,

        Defendant.

Case No. 3:13-cv-00717-SI

**ORDER**

**Michael H. Simon, District Judge.**

    On September 3, 2014, based on the stipulation of the parties, the Court entered an amended order remanding matter back to the agency for further proceedings. Dkt. 38. Before the Court is Plaintiff's stipulated application for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Dkt. 39.

    The EAJA authorizes the payment of attorney's fees to a prevailing party in an action against the United States, unless the government shows that its position in the underlying litigation "was substantially justified." 28 U.S.C. § 2412(d)(1)(A). Although the EAJA creates a presumption that fees will be awarded to a prevailing party, Congress did not intend fee shifting to be mandatory. *Flores v. Shalala*, 49 F.3d 562, 567 (9th Cir. 1995). The decision to deny EAJA attorney's fees is within the discretion of the court. *Id.*; *Lewis v. Barnhart*, 281 F.3d 1081, 1083

PAGE 1 –ORDER

(9th Cir. 2002). A social security claimant is the "prevailing party" following a sentence-four remand pursuant to 42 U.S.C. § 405(g) either for further administrative proceedings or for the payment of benefits. *Flores*, 49 F.3d at 567-68 (citing *Shalala v. Schaefer*, 509 U.S. 292, 300 (1993)). Fee awards under the EAJA are paid to the litigant, and not the litigant's attorney, unless the litigant has assigned his or her rights to counsel to receive the fee award. *Astrue v. Ratliff*, 560 U.S. 586, 596-98 (2010).

Plaintiff seeks an award of attorney's fees in the amount of $9,500. This is a negotiated settlement figure and Defendant stipulates to this fee award. Dkt. 39. The Court has reviewed Plaintiff's motion and agrees with the parties that the EAJA petition is proper and the amount requested is reasonable.

Therefore, Plaintiff's application for attorney's fees (Dkt. 39) is GRANTED. Plaintiff is awarded $9,500 for attorney's fees under 28 U.S.C. § 2412. EAJA fees are subject to any offsets allowed under the Treasury Offset Program, as discussed in *Ratliff*, 560 U.S. at 593-94. Because Plaintiff has filed with the Court a limited power of attorney authorizing her counsel to receive EAJA fees paid directly to counsel (Dkt. 40), if Plaintiff has no debt subject to the Treasury Offset Program, then Defendant shall cause the check to be made payable to Plaintiff's attorney and mailed to Plaintiff's attorney. If Plaintiff owes a debt subject to the Treasury Offset Program, then the check for any remaining funds after offset of the debt shall be payable to Plaintiff and mailed to Plaintiff's attorney.

**IT IS SO ORDERED**.

DATED this 12th day of November, 2014.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge

PAGE 2 –ORDER